CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 24 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH MARRION HAMPTON, ) | |
| Petitioner, ) | Civil Action No. 7:06cv00206 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TERRY O'BRIAN, WARDEN ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner Kenneth Marrion Hampton, a federal inmate proceeding pro se, brings this action pursuant to 28 U.S.C. § 2241. Hampton was convicted in the District Court of South Carolina of felony possession of a firearm. The court sentenced Hampton to 120 months imprisonment followed by a period of supervised release. Hampton now claims that the imposition of a term of supervised release, following his term of imprisonment, was unconstitutional.

Ordinarily, a petition pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241, is the appropriate vehicle for challenging the imposition of a sentence,[1] unless a petition pursuant to 28 U.S.C. § 2255 is "inadequate and ineffective" for that purpose. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A petition pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence only when 1) settled law established the legality of the conviction or sentence at the time imposed; 2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. Id. Hampton has not alleged that a change in the law rendered the behavior for which he was convicted legal;

---

[1] See U.S. v. Little, 392 F.3d 671, (4th Cir. 2004) ("[An] attack on the execution of [a] sentence and not a collateral attack on [a] conviction . . . [is] properly brought under 28 U.S.C.A. § 2241.").

"A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d at 332 (citing 28 U.S.C. § 2241(a)).

therefore, relief under § 2255 is not "inadequate and ineffective," and he may not resort to § 2241.

Accordingly, the court dismisses Hampton's § 2241 petition.[2]

**ENTER**: This 24th day of April, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Moreover, Hampton's claim is meritless because the sentencing court was statutorily authorized to impose a period of supervised release. See 18 U.S.C. § 3583(a).

2